United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GARTH,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>  Defendant. | Case No.: 11-cv-05592-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Judy Garth filed a "Complaint, Appeal, and Request for Relief from the Erroneous Denial of Benefits by the Social Security Administration" ("Complaint") on November 18, 2011. (Dkt. No. 1.) Plaintiff alleges that she applied for widow's benefits from the Social Security Administration ("SSA"), who in turn requested that Plaintiff provide proof of marriage. The SSA denied the application for widow's benefits when Plaintiff was unable to produce such proof. Plaintiff alleges that "[d]espite numerous requests for hearings, appeals and proof of attorney neglect, the SSA will not correct its errors." (Complaint at 1.) Plaintiff seeks "declaratory relief, equitable relief, back due benefits, prospective benefits, and pre-judgment interest under the due process clause of the U.S. Constitution and the laws of the United States." (*Id.*)

Defendant Michael J. Astrue, Commissioner of Social Security, has filed a Motion to Dismiss based on a lack of subject matter jurisdiction. (Dkt. No. 14.) This motion was submitted on the papers without oral argument pursuant to Civ. L.R. 16-5. (*Id.* at 1.) Plaintiff filed an opposition to the motion. (Dkt. Nos. 15 & 16.) No reply was filed. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint contains little detail on the events preceding the filing of the Complaint. Based on admissible evidence in the record (*see infra* at Section II.A), the procedural history of Plaintiff's claim for widow's benefits with the SSA is as follows:

The SSA initially denied Plaintiff's claim for disabled widow's benefits on August 15, 2005.[1] (Weigel Decl., Ex. 1.) Plaintiff filed a Request for Reconsideration on or about September 7, 2005 with the assistance of counsel, Rebecca Marques ("Marques"). (*Id.*, Exs. 2 & 3.) The SSA did not receive the Request for Reconsideration until April 13, 2007, but deemed that the request was submitted timely. (*Id.*, Ex. 3.)[2] In a Notice of Reconsideration dated October 16, 2007 ("Reconsideration Notice"), the SSA affirmed its initial determination that Plaintiff was not entitled to widow's benefits because she had not been married for at least nine full calendar months, and she met no alternative condition allowing for benefits. (*Id.*) The Reconsideration Notice stated that if Plaintiff did not agree with the decision, she "ha[d] the right to request a hearing" before an Administrative Law Judge ("ALJ"), that she had 60 days to ask for the hearing, and that she "must have a good reason if [she] wait[ed] more than 60 days to ask for a hearing." (*Id.*) The Reconsideration Notice was mailed to Plaintiff at a post office box in Berkeley, California and a copy of the notice was sent to Marques. (*Id.*, Exs. 2 & 3.)

Plaintiff did not request a hearing before an ALJ within the 60-day deadline, which would have expired on December 15, 2007. Instead, the SSA received Plaintiff's Request for Hearing by Administrative Law Judge on or about August 25, 2010, more than two and a half years late. (Weigel Decl., Ex. 4.) As of that time, Plaintiff was represented by new counsel, Harvey Sackett ("Sackett") and Betty Herrera ("Herrera"). Plaintiff and her new counsel also provided a separate

---

[1] The Court notes that Plaintiff previously applied for disabled widow's benefits on March 5, 2003. (Declaration of Robert Weigel ("Weigel Decl.") (Dkt. No. 14-1), Ex. 3 at 2.) Plaintiff did not appeal the reconsideration decision for that application. For the purposes of the pending motion to dismiss, the only relevant claim for benefits is that filed on or about July 28, 2005 and initially denied on August 15, 2005.

[2] Plaintiff has attached numerous documents to her Opposition, including a letter and partial declaration from Marques explaining that she had filed Plaintiff's Request for Reconsideration on September 7, 2005 and re-submitted it to the SSA on April 13, 2007. (Dkt. No. 15 at ECF pp. 8–11.)

2

submission asserting that good cause existed for her late filing because neither she nor Marques had received a copy of the Reconsideration Notice. (*Id.*, Ex. 5.)[3]

On January 24, 2011, Administrative Law Judge Mary P. Parnow dismissed Plaintiff's request for a hearing. (*Id.*, Ex. 6.) The Order of Dismissal noted that an ALJ may dismiss a request for hearing if the claimant did not request a hearing within the stated time period and no extension of time has been granted for requesting the hearing. (*Id.*) Further, the Order of Dismissal stated that a request for hearing must be filed within 60 days after the claimant received the notice of the previous determination, and that "[t]he notice of previous determination is presumed to have been received 5 days after the date on the notice, unless the claimant can establish that she did not receive the notice within the 5-day period." (*Id.* (citing 20 C.F.R. § 404.901).) ALJ Parnow held that "[b]ecause the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated August 25, 2010 is dismissed and the reconsideration determination dated October 16, 2007 remains in effect." (*Id.*, Ex. 6.)

Plaintiff, still represented at that time, filed a Request for Review of Hearing Decision/Order on or about March 30, 2011. (Weigel Decl., Ex. 7.) Plaintiff and Herrera submitted an additional statement regarding why good cause existed for failing to file a timely appeal. (*Id.*) On September 19, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal of her untimely request for hearing. (*Id.*, Ex. 8.) The Notice of Appeals Council Action stated that it "considered the reasons [Plaintiff] disagree[s] with the dismissal" but that "this information does not provide a basis for changing the Administrative Law Judge's dismissal." (*Id.*) Moreover, "[t]he Appeals Council considered [Plaintiff's] representative's contentions in her undated letter. The Appeals Council concludes that the Administrative Law Judge's dismissal order is in accordance with the Social Security Laws and implementing regulations." (*Id.*) Plaintiff filed her Complaint in this Court on November 18, 2011.

---

[3] It appears Sackett and/or Herrera also submitted various documents to the SSA in support of Plaintiff's submission that she had good cause for the late filing. (*See* Weigel Decl., Ex. 5.) These supporting documents were not included with the Weigel Declaration.

3

On April 16, 2012, Defendant filed the pending Motion to Dismiss ("Motion"). (Dkt. No. 14.) Defendant contends that Plaintiff's claim is not subject to judicial review under 42 U.S.C. section 405(g) ("Section 405(g)"), which authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." (Motion at 4.) Generally, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision: (1) an initial determination; (2) reconsideration of the initial determination; (3) a decision by an ALJ; and (4) Appeals Council review or denial of review. (Motion at 4 (citing 20 C.F.R. § 404.900(a)).) Here, Defendant contends that Plaintiff failed to timely request a hearing before an ALJ following denial of her request for reconsideration. (Motion at 2.) "Because Plaintiff failed to obtain an ALJ hearing, an ALJ decision, and Appeals Council review or denial of review, she has failed to obtain a judicially reviewable 'final decision' of the Commissioner." (Motion at 5.) Defendant further contends that the ALJ's decision to dismiss Plaintiff's untimely request for hearing, which was filed almost three years after the denial of her request for reconsideration, is a discretionary decision that is not subject to judicial review under Section 405(g). (*Id.* (citing 20 C.F.R. § 404.903).)

Plaintiff filed an opposition and declaration on May 16, 2012. (Dkt. Nos. 15 ("Opposition") & 16 ("Declaration").) Plaintiff responds with three arguments. First, she argues that this Court has jurisdiction to determine whether the SSA and/or ALJ "abused their discretion by finding that [she] did not have good cause for filing late." (Opposition at 2.) Second, she argues that she "relied on attorney's [*sic*] that failed to represent [her] competently. This gives [her] good cause for filing late." (*Id.*) Third, she argues that she has all the necessary documentation to "prove that [she] was entitled to Survivor's benefits when [she] was erroneously denied by Social Security." (*Id.*) Plaintiff also attached numerous documents to her Opposition and Declaration, including correspondence with her prior counsel regarding her benefits claim, correspondence sent by her counsel on her behalf, and letters from attorneys stating they cannot represent Plaintiff in this matter.

4

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 12(b)(1)

A federal court is a court of limited jurisdiction. It can only preside over matters where it has subject matter jurisdiction. Here, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the Court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). Because Plaintiff invoked this Court's jurisdiction, she bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376–78 (1994).

A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge, as is the case here, instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989) (internal citation omitted); *accord Safe Air,* 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not presume the truthfulness of the plaintiff's allegations." *Safe Air,* 373 F.3d at 1039. "Once the moving party has converted a motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d at 1039 n.2). Further, the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims, except where the jurisdictional and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733–35 (9th Cir. 1979)).

### B.   Judicial Review of Final Decisions by the Commissioner of Social Security

"The Social Security Act limits judicial review of the Commissioner's decisions to 'any final decision . . . *made after a hearing*.'" *Udd v. Massanari,* 245 F.3d 1096, 1098 (9th Cir. 2001)

(quoting 42 U.S.C. § 405(g)) (alteration in original; emphasis supplied).  Regulations promulgated under the Social Security Act provide that certain "[a]dministrative actions that are not initial determinations may be reviewed by [the SSA], but they are not subject to the administrative review process . . . , and they are not subject to judicial review."  20 C.F.R. § 404.903.  Included amongst these administrative actions that are not subject to judicial review are denials of "request[s] to extend the time period for requesting review of a determination or a decision."  *See* 20 C.F.R. § 404.903(j); *Matlock v. Sullivan*, 908 F.2d 492, 493–94 (9th Cir. 1990) (affirming district court's holding that it lacked jurisdiction to review Appeals Council's discretionary refusal to consider an untimely request for review).

An exception to the rule barring judicial review exists, however, where the denial of such a request "is challenged on constitutional grounds."  *Udd,* 245 F.3d at 1099 (quoting *Califano v. Sanders,* 430 U.S. 99, 109 (1977) ("*Sanders*")).  This exception—known as the *Sanders* exception—"applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  *Udd,* 245 F.3d at 1099 (quoting *Evans v. Chater*, 110 F.3d 1040, 1483 (9th Cir. 1997)).  In construing the *Sanders* exception, the Ninth Circuit has held that the constitutional claim may not be merely substantive, *i.e.*, an attack on the merits of a prior decision.  *Evans*, 110 F.3d at 1482.  Moreover, "[a] challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim."  *Udd*, 245 F.3d at 1099 (quoting *Boettcher v. Sec'y of Health and Human Servs.,* 759 F.2d 719, 722 (9th Cir.1985)).

A constitutional claim is colorable, for example, "[w]here a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits."  *Udd*, 245 F.3d at 1099 (citing *Evans*, 110 F.3d at 1483).  On the other hand, a claim is not colorable if it is clearly immaterial, insubstantial, or frivolous and made only for the purposes of establishing jurisdiction.  *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1993).  A mere allegation of a due process violation is not colorable; the claim "must be supported by facts sufficient to state a violation of substantive or

6

procedural due process." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Hoye*, 985 F.3d at 992) (internal quotations omitted).

### C. Plaintiff's Opposition Arguments

The Court first addresses the three arguments that Plaintiff raised in her Opposition. As to Plaintiff's argument that the SSA and/or ALJ "abused their discretion" in finding Plaintiff did not have good cause for her untimely request for hearing, the Court notes that this language is reminiscent of a claim raised under the Administrative Procedure Act ("APA"). The APA permits judicial review of "final agency action for which there is no other adequate remedy in a court" and authorizes a court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 704 & 706(2)(A). However, the Supreme Court has held that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Sanders*, 430 U.S. at 107.

Plaintiff also argues that she relied on attorneys that failed to competently represent her, and that their incompetence gives her good cause for filing late. However, there is no Sixth Amendment right to counsel in the social security context. Thus, ineffective assistance of counsel is not a claim providing a basis for exercising jurisdiction in this case. *See Holland v. Heckler,* 764 F.2d 1560, 1562 (11th Cir. 1985) (a claimant has "no constitutional right to counsel at a disability benefits hearing"); *Voorhes v. Astrue*, No. C-08-4951 MMC, 2009 WL 1955804, at *2 n.3 (N.D. Cal. July 2, 2009) (quoting *Holland*); *see also* 4 Soc. Sec. Law & Prac. § 46:3 ("A claim of ineffective assistance of counsel during administrative proceedings may not provide a basis for reversing the SSA's denial of benefits, because, given the nonadversarial nature of the administrative process, competent legal representation of a claimant during the process is not a prerequisite to the issuance of a valid administrative decision.").

Finally, as to Plaintiff's argument that she has the necessary documentation to "prove" that she was "erroneously denied" survivor's benefits, the Court lacks jurisdiction under Section 405(g) to review substantively the purportedly erroneous denial of benefits. Section 405(g) permits review of a final decision of the Commissioner of Social Security made *after a hearing* to which he was a

party. *See also* 20 C.F.R. § 404.900(a) (administrative review process is comprised of an initial determination, reconsideration of the initial determination, a hearing before an ALJ, and Appeals Council review of the ALJ's decision or denial of review). No hearing occurred in Plaintiff's case and an ALJ never rendered a decision on the merits of Plaintiff's claim for benefits. Further, the ALJ's finding that there was no good cause for having missed the deadline and dismissal of Plaintiff's request for hearing as untimely is not itself a "final decision" subject to judicial review. *Reafsnyder v. Astrue*, No. SACV 11-659-CW, 2011 WL 5295223, at *2 (C.D. Cal. Nov. 2, 2011) (citing *Hoye*, 985 F.2d at 991 and *Boettcher*, 759 F.2d at 720–21).

For the reasons stated herein, the arguments raised by Plaintiff in her Opposition fail to establish subject matter jurisdiction in this action. However, the Court notes that Plaintiff did reference "due process" in the Complaint, even though she has not specifically argued here that she falls under the "colorable constitutional claim" exception. Since Plaintiff is *pro se* and raising a colorable constitutional claim is Plaintiff's only avenue for this Court to grant judicial review despite Section 405(g), the Court will address this issue even though Plaintiff has not raised it in her Opposition.

**D.     Whether Plaintiff Alleges a Colorable Constitutional Claim**

Based on the history of Plaintiff's case, the Court finds that Plaintiff has not raised a colorable constitutional claim. The Ninth Circuit has held that a constitutional claim under the *Sanders* exception may not merely attack the merits of any prior decision. *Evans*, 110 F.3d at 1482. The exception applies to claims "that implicate[] a due process right either to a *meaningful opportunity to be heard* or to seek reconsideration of an *adverse benefits determination*." *Udd*, 245 F.3d at 1099 (quoting *Evans*, 110 F.3d at 1483) (emphasis supplied). Here, there was no "decision" under Section 405(g). Plaintiff's constitutional challenge is simply a dispute over the propriety of the ALJ's dismissal of her untimely hearing request and the Appeals Council's denial of further review. Her claim does not directly attack whether she had a meaningful *opportunity* to be heard or to seek reconsideration of the adverse determination (here, the Reconsideration Notice). In fact, Plaintiff has received numerous opportunities to be heard. First, she filed a Request for Reconsideration, which the SSA denied in the Reconsideration Notice. Second, she was given 60

8

days to seek an ALJ hearing following the Reconsideration Notice, but did not file a timely request. Third, she filed an untimely request for an ALJ hearing with the assistance of counsel, who submitted a letter and documentation in support of why Plaintiff had good cause for filing late. The ALJ considered the untimely request and found that good cause did not exist. Fourth, Plaintiff filed an appeal to the Appeals Council, who considered the ALJ's decision and a further submission from counsel regarding why good cause existed. The Appeals Council considered Plaintiff's counsel's arguments and nonetheless denied further review. Taking these events together, Plaintiff has had multiple opportunities to be heard and the SSA did afford her the opportunity to respond to the unfavorable Reconsideration Notice.

The Court recognizes that Plaintiff has sought assistance of counsel in this matter and asserts that the late hearing request was not untimely through any fault of her own. (Opposition at ECF p. 3.) While the Court is sympathetic to Plaintiff's situation, the facts in this case do not rise to the level of a colorable constitutional claim. The regulations under the Social Security Act contain a presumption that notices are received five days after the date of the notice, unless the claimant can establish that he or she did not receive the notice within that 5-day period. 20 C.F.R. § 404.901. Both the ALJ and Appeals Council determined that Plaintiff had not established that she did not receive the notice within this period and that good cause did not exist for the late filing.[4] Due process does not require here that a claimant receive every possible opportunity to be heard. Rather, procedural due process requires that "notice must be reasonably calculated to afford parties their right to present objections" by explaining that a claimant's failure to request reconsideration will render the SSA's initial decision final. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir. 1990) (*citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Plaintiff received due process in this case and received multiple opportunities to present objections to the unfavorable Reconsideration Notice.[5] To the extent that Plaintiff's claim concerns

---

[4] The Court notes that the Reconsideration Notice was sent to Plaintiff's post office box in Berkeley, California, where Plaintiff had received other notices from the SSA in the past. In addition, this is the same address that Plaintiff used when she initiated this action in federal court. This is unlike situations addressed in other cases where a claimant frequently moved around or the SSA lost the claimant's correct address.

[5] The vast majority of cases involving the *Sanders* exception in the context of social security cases involve claimants who are mentally incapacitated. *See, e.g., Klemm*, 543 F.3d at 1145 n.4 ("In order to allege a

her difficulties in obtaining judicial review due to the incompetence of her former counsel, these allegations do not implicate whether she received due process with respect to obtaining judicial review. *See Voorhes*, 2009 WL 1955804, at *2.

Finally, Plaintiff's request for hearing should have been filed within 60 days after October 16, 2007. The SSA did not receive the request until August 25, 2010—approximately two years and ten months later. "[P]ermitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims." *Matlock*, 908 F.2d at 494; *cf. Sanders*, 430 U.S. at 108 (allowing claimants judicial review by simply filing and being denied a petition to reopen a claim would frustrate the congressional purpose in Section 405(g) to impose 60-day limitations upon judicial review of a final decision).

Because Plaintiff's claim for a due process violation does not rise beyond a bare assertion, it does not rise to the level of a colorable constitutional claim and cannot be the sole basis of jurisdiction in this action. *Hoye*, 985 F.2d at 991–92. The Court hereby **GRANTS** Defendant's motion to dismiss Plaintiff's claim.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** in its entirety and Plaintiff's claim is **DISMISSED**. This Order terminates Dkt. No. 14.

**IT IS SO ORDERED**.

Dated: January 23, 2013

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

colorable due process violation . . . [the plaintiff] must present facts to show that he lacked the capacity to *understand* the review process.") (emphasis in original); *Udd*, 245 F.3d at 1099; *Evans*, 110 F.3d at 1483. The Court has not located any case where a court found that a colorable constitutional claim existed based on the mere allegation that a claimant and/or her attorney failed to receive a notice.