UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GARTH,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No.: 11-cv-05592-YGR<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO VACATE, MOTION FOR RECONSIDERATION, AND MOTION TO CORRECT RECORD (DKT. NO. 24); AND GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL TIME (DKT. NO. 25)** |

The Court has dismissed this action based on a lack of subject matter jurisdiction. (Dkt. No. 22.) Judgment has been entered (Dkt. No. 23) and the case has been closed.

On February 7, 2013, Plaintiff filed a "Notice of Motion to Vacate and Set Aside Order Granting Defendant's Motion to Dismiss; Motion for Reconsideration of Order Granting Defendant's Motion to Dismiss; Motion to Correct the Record Due to Clerical Error; Motion for Extension of Time to Resubmit and Documents." (Dkt. No. 24.) Plaintiff asserts that a "court clerk clerical error" has been made and that the record does not reflect Plaintiff's filed documents. She seeks to submit the documents on the record for reconsideration and has requested time to file them because they are not in her possession. (*Id.*) On February 21, 2013, Plaintiff requested 15 additional days to file the documents because they are not in her possession "nor does she have access to them due to unforeseen circumstances and the USPS." (Dkt. No. 25.)

Initially, the Court notes that under Civil Local Rule 7-9, a Motion for Reconsideration may only be filed after seeking leave (permission) of the court. In addition, the request for permission must be made *before* entry of judgment.

The Court interprets Plaintiff's pending requests as seeking relief from a judgment under Federal Rule of Civil Procedure 60 ("Rule 60"). Rule 60 states:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [¶] (1) mistake, inadvertence, surprise, or excusable neglect; [¶] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [¶] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [¶] (4) the judgment is void; [¶] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or [¶] (6) any other reason that justifies relief.

The Court takes no position on whether Plaintiff's motions are proper.  However, the Court **GRANTS** Plaintiff's request for an extension to file the documents.  <u>Plaintiff shall file the documents by March 8, 2013</u>.

Plaintiff may wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line (415) 782-9000 x 8657 or signing up for an appointment in the appointment book located outside the door of the Project, located at the San Francisco courthouse on the 15th Floor, Room 2796.  Appointments are held Monday through Friday at various times throughout the day.  Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

This Order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: February 26, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**